**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

BENJAMIN WILLIAM FAWLEY,

    Plaintiff,

  v.                                                     CIV No.  11-0181 LH/KBM

NEW MEXICO DEPARTMENT OF CORRECTIONS,
LEA COUNTY CORRECTIONAL FACILITY,
GEO GROUP, INC.,
J. JANECKA, SENIOR WARDEN, L.C.C.F.,
V. HORTON, PROGRAMS WARDEN, L.C.C.F.,
J. BEAIRD, SECURITY WARDEN, L.C.C.F.,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint.  Plaintiff is incarcerated and appears pro se.  He has paid the filing fee and moved for leave to proceed in forma pauperis ("IFP") (Docs. 2, 8).  The Court will grant the IFP motions.  Also before the Court are Plaintiff's motions to file irregular documents (Docs. 4, 7), to expedite proceedings (Doc. 6), for order to show cause (Doc. 9), to amend complaint (Docs. 11, 23), to file documents (Docs. 13, 17, 22, 26), to appoint counsel (Doc. 14), to expand the record (Doc. 16), and to remove filing obstructions (Doc. 18).  For the reasons below, certain of Plaintiff's claims will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted."  The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be

futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint, with amendments discussed below, asserts two claims of denial of access to the courts.  Plaintiff alleges that policies and regulations of the New Mexico Department of Corrections and GEO Group, Inc., limit the availability of writing materials and photocopies.  These policies have forced Plaintiff to submit noncomplying documents for filing at the Supreme Court, which documents have been returned to him without being filed.  Plaintiff contends that the policies and regulations deny him access to the courts, in violation of his rights under the First and Fourteenth Amendments.  He asks for injunctive relief and damages.

Plaintiff also filed two motions to amend (Docs. 11, 23).  The first motion substitutes the New Mexico Secretary of Corrections for Defendant Department of Corrections and asserts a claim that Plaintiff's sentence was increased without due process.  The relief sought in the motion does not require leave of the Court, *see* Fed. R. Civ. P. 15(a)(1), and the motion will be denied as moot. The second motion seeks to assert an additional claim of denial of access to the courts and to add two more Defendants.  Under rule 15(a)(2), the second motion will be granted.

No relief is available on Plaintiff's claims against Defendants Janecka, Horton, and Beaird. To succeed on a complaint under § 1983, a plaintiff must allege some personal involvement by a defendant in the constitutional violation.  *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).  A civil rights action against a state official may not be based solely on a theory of respondeat

2

superior liability for the actions of others. *See id.* The complaint makes no allegation that any of these Defendants had direct involvement in the alleged deprivations at the prison in New Mexico or that they "create[d], promulgate[d], implement[ed], or in some other way possesse[d] responsibility for the continued operation of a policy," *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), that may have violated Plaintiff's rights. The Court will dismiss Plaintiff's claims against Defendant Janecka, Horton, and Beaird.

Nor do Plaintiff's allegations support § 1983 claims against named Defendant Lea County Correctional Facility. "[S]tate-operated detention facilities do not have a separate legal identity from the state, and therefore are not 'persons' who have the capacity to be sued under § 1983." *Buchanan v. Oklahoma*, 398 F. App'x 339, 342 (10th Cir. 2010); *and see White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001). The Court will dismiss Plaintiff's claims against this Defendant.

In Plaintiff's first motion to amend the complaint, he substitutes the New Mexico Secretary of Corrections for Defendant New Mexico Department of Corrections. No separate allegations are made, and thus the Secretary is sued only in an official capacity.

> [T]he Supreme Court has stated that "[i]n many cases, the complaint will not clearly specify whether officials are sued personally, in their official capacity, or both. 'The course of proceedings' in such cases typically will indicate the nature of the liability sought to be imposed." Thus, where the complaint fails to specify the capacity in which the government official is sued, we look to the substance of the pleadings and the course of the proceedings in order to determine whether the suit is for individual or official liability.

*Pride v. Does*, 997 F.2d 712, 715-16 (10th Cir. 1993) (internal citations omitted). Because the Secretary is sued only in an official capacity, Plaintiff's claims for damages against this Defendant will be dismissed. *See Florez v. Johnson*, 63 F. App'x 432, 435 (10th Cir. 2003) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71

(1989)).[1]

Also in the first motion to amend (Doc. 11), Plaintiff contends that his sentence has been increased without due process, based on allegations that New Mexico officials take deductions from his inmate account for the New Mexico Victim's Fund. This claim is foreclosed by pertinent case law. In *Ellibee v. Simmons*, No. 03-3194-JWL, 2005 WL 1863244, at *3 (D. Kan. Aug. 4, 2005), the court rejected the plaintiff's claim that "the [victim compensation] deduction is 'above and beyond the lawful sentence imposed by the court.' " In *Brady v. Tansy*, No. 93-2008, 1993 WL 525680 at *1 (10th Cir. Dec. 21, 1993), a New Mexico prisoner made a similar claim. The Court of Appeals for the Tenth Circuit affirmed dismissal of the claim as frivolous under (former) § 1915(d). In that case the court analyzed the plaintiff's claim thus:

> However, section 33-8-8(C)(2) permits the Corrections Department to promulgate rules and regulations providing for deductions from inmate compensation, and specifies that these deductions shall apply to inmate compensation "including payments pursuant to Section 33-2-26 NMSA 1978." The plain meaning of the statute controls. Because section 33-8-8(C)(2) permits the deductions, [Plaintiff]'s due process claim was properly dismissed as frivolous.
> . . . .
> Because the deductions were, in fact, made pursuant to express statutory authority, we conclude [Plaintiff's] Fourteenth Amendment claim was properly dismissed as frivolous.

*Brady*, 1993 WL 525680 at *1 (citing *Precision Co. v. Koch Indus., Inc.*, 971 F.2d 548, 552 (10th Cir. 1992); *Hrbek v. Farrier*, 787 F.2d 414, 417 (8th Cir. 1986)). Plaintiff's allegations fall squarely within the rulings in *Ellibee* and *Brady*, and pursuant to § 1915(e)(2)(B)(i) his claim for sentencing without due process will be dismissed as frivolous.

Plaintiff's motions to file irregular documents (Docs. 4, 7), to expedite proceedings (Doc.

---

[1] According to the New Mexico Corrections Department website, http://corrections.state.nm.us/, the position of Department Secretary is currently vacant. Service of process on this Defendant will be deferred until the position is occupied.

6), for order to show cause (Doc. 9), and to file documents (Docs. 13, 17, 22) are moot and will be denied. The motions to expand the record and enter documents (Doc. 16, 26) will be denied without prejudice pending consideration of Defendants' answers and a possible *Martinez* report. And the motion to remove filing obstructions (Doc. 18) will be denied as duplicating the relief sought in the complaint.

As to Plaintiff's motion to appoint counsel (Doc. 14), the Court weighs certain factors when considering this motion in a civil rights case, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991), *quoted in Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). The Court has reviewed the complaint and subsequent filings in light of the foregoing factors, and Plaintiff appears to understand the issues in the case and to be representing himself in an intelligent and capable manner. *See Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995). Accordingly, the Court will deny the motion at this time.

IT IS THEREFORE ORDERED as follows:

- Plaintiff's motions for leave to proceed in forma pauperis (Docs. 2, 8) are GRANTED;
- Plaintiff's motions to file irregular documents (Docs. 4, 7), to expedite proceedings (Doc. 6), for order to show cause (Doc. 9), to amend complaint (Doc. 11), and to file documents (Docs. 13, 17, 22) are DENIED as moot;
- Plaintiff's second motion to amend complaint (Doc. 23) is GRANTED;
- Plaintiff's motion to appoint counsel (Doc. 14) is DENIED at this time;
- Plaintiff's motions to expand the record and to file documents (Doc. 16, 26) are

    DENIED without prejudice;

- Plaintiff's motion to remove filing obstructions (Doc. 18) is DENIED;

- Plaintiff's claims against Defendants Janecka, Horton, Beaird, and Lea County Correctional Facility are DISMISSED; and Defendants Janecka, Horton, Beaird, and Lea County Correctional Facility are DISMISSED as parties to this action;

- The Clerk is directed to substitute the New Mexico Secretary of Corrections on the docket for Defendant New Mexico Department of Corrections;

- Plaintiff's claims for damages against Defendant New Mexico Secretary of Corrections are DISMISSED;

- Plaintiff's claim of increased sentence without due process is DISMISSED;

- The Clerk is directed to issue notice and waiver of service forms, with copies of the complaint (Docs. 1, 11, 23), for Defendants Burris and Wiggins;

- The Clerk is directed to issue summons, with a copy of the complaint (Docs. 1, 11, 23), for Defendant GEO Group, Inc.

                                                                                      _____
                                                                      SENIOR UNITED STATES DISTRICT JUDGE