UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

BENJAMIN WILLIAM FAWLEY,

      Plaintiff,

v.                                    CIV 11-0181 LH/KBM

GEO GROUP, INC.,
GREGG MARCANTEL, in his official
capacity as Secretary for the New Mexico
Department of Corrections,[1]
D. BURRIS, Correctional Officer, and
FNU WIGGINS, Correctional Officer,

      Defendants.

## ORDER FOR AUTOMATIC SUBSTITUTION,
## ON PENDING MOTIONS
## AND
## FOR SERVED DEFENDANTS TO FILE *MARTINEZ* REPORT

Plaintiff Benjamin Fawley in a prisoner housed at the Lea County Correctional Facility in Hobbs, New Mexico, which is a privately-operated prison.[2]  His *pro se* prisoner civil rights suit is proceeding against Geo Group, Inc. ("Geo"), an entity that he asserts is "legally responsible for the overall operation of [the facility] and responsible, under contract with the New Mexico Department of Corrections, for all the inmates within this prison."  *Doc. 1* at 2 (paragraph III.3). Geo denies these "facts" and declined any response to the legal conclusion, and otherwise does not identify it's relationship with the facility in other pleadings with the Court.  *See Doc. 32* at 2. Geo's website advertises that it is a private, for profit, prison management organization "one of

---

[1]  *See Doc. 27* at 4, 6 & n. 1, and discussion, *infra.*

[2]  *See* http://corrections.state.nm.us/prisons/lccf.html.

the worlds (sic) largest."  *See* http://www.geogroup.com/.  It manages and/or owns "65 Facilities and 65,716 Beds" in the United States, http://www.geogroup.com/locations.html, and the facility in Hobbs is among them, see http://jobs.geogroup.com/hobbs/.

After the Court's initial review, presiding Judge Hansen ordered the Clerk to issue summons for Geo and notice and waiver forms for Defendants Burris and Wiggins.  See Doc. 27 at 6.   Plaintiff identified these two individuals in his motion to amend in connection with his claim for access to the court.  He identified Defendant Burris as the "paralegal employed by Geo" who "act[s] as the law library, legal access officer" and who allegedly "denied photcopying services."  *Doc. 23* at 2.  He identified Defendant Wiggins as the "legal access officer for the New Mexico Department of Corrections."  *Id.*

Defendants Geo and Burris answered, *see Doc. 32,* but because Defendant Wiggins did not, presiding Judge Hansen ordered Plaintiff to provide the Court with an address for Defendant Wiggins or to show cause why this defendant should not be dismissed from the action, *see Doc. 46* at 2.  Also, in September 2011, Judge Hansen substituted the Secretary for the New Mexico Department of Corrections, in official capacity only, and noted the position was vacant at that time.  *See Doc. 27* at 4, 6 & n. 1.  Since then Secretary Marcantel was appointed.[3]  The Court will therefore make the automatic substitution under FED. R. CIV. P. 25(d), and order service because Plaintiff also seeks injunctive relief that requires the Department of Corrections to "stop harassing, obstructing and denying [Plaintiff] the means to gain right of access" to various courts.  *See Doc. 1* at 15.   The Court takes judicial notice that his demand for relief here appears to be similar, if not identical, to the claims addressed and recommended for dismissal after a *Martinez* Report in another suit filed by Plaintiff.  *See Fawley v. Williams,* CIV 11-0061 BB/CG

---

[3]  *See* http://www.corrections.state.nm.us/secretary.html.

(Docs. 34, 35).

Plaintiff filed several motions that are currently pending:

• Document 29 – Plaintiff seeks to file a copy of New Mexico Department of Corrections Policy CD-12001.H.6. He filed this motion before Defendants Geo and Burris answered, and they did not respond to it. The policy Plaintiff wants to file is already of record and accessible to the Court in the Martinez Report in Plaintiff's other case. *See Fawley v. Williams,* CIV 11-0061 BB/CG (Docs. 34-5 at 7).

• Document 30 – Plaintiff seeks permission to file certain items he attached to this motion, which include letters, grievances, and judicial conduct complaint. He filed this motion before Defendants Geo and Burris answered, and they did not respond to it.

• Document 33 – Plaintiff seeks permission to file a motion to "expand" the record and respond to the answer, a filing not contemplated by the Federal Rules as Defendants note in their response, *see Doc. 34* at 1.

• Documents 33/36 – Plaintiff wants Defendants to receive service of Plaintiff's filings through the Court's electronic filing system. Since participation for attorneys is mandatory, they will receive service that way. As such, their lack of objection to Plaintiff's request to serve them electronically is immaterial, and counsel for Defendants are directed to the Court's CM/ECF materials regarding the date of service of such materials, *see Docs. 34, 38.*

• Document 35 – Plaintiff seeks a hearing on the merits of his allegations, which encompasses claims not before the Court and, in any event, is premature at this juncture. *See Doc. 39.*

• Document 37 – Plaintiff asks this Court to issue an "opinion on what is legal mail . . . not legal mail." This is not, as Defendants assert "ancillary" to the issues in this case, *see Doc. 41,* since Judge Hansen specifically permitted Plaintiff to amend to raise an access to the courts claim, *see Doc. 27* at 2 ("The second motion seeks to assert an additional claim of denial of access to the courts and to add two more Defendants. Under rule 15(a)(2), the second

motion will be granted.").[4]

•Document 40 – Plaintiff again seeks permission to file attached
items such as correspondence and grievances and references the
above-accessible legal mail policy.  Defendants object if he is
seeking an advisory opinion on ancillary matters or to the form of
his request if it is seeking judgment on his claims.  *See Doc. 42.*

•Document 43 – Plaintiff seeks permission to file even more
attached items mainly consisting of grievance materials that
pertain to assertions in this case that may overlap the Fawley case
that has been recommended for dismissal.  Defendants again object
if he is seeking an advisory opinion on ancillary matters or to the
form of his request if it is seeking judgment on his claims.  *See
Doc. 44.*

•Document 45 – Plaintiff submits a "memorandum" explaining his
access to the courts claim, which attaches Defendant Burris'
response to Plaintiff's informal complaint.

Although two Defendants have yet to be served, given the number of filings and requests
by Plaintiff and the lack of a dispositive motion by the served Defendants, the Court finds it best
to explain the procedures it will be employing under *Martinez*, and to set deadlines well in the
future to allow for service of the remaining defendants.

Under *Martinez v.  Aaron,* 570 F.2d 317, 320 (10th Cir. 1978), this Court may order
defendants to investigate the incident or incidents underlying Plaintiff's lawsuit and submit a
report of their investigation in order to develop a factual or a legal basis for determining whether
a prisoner plaintiff has a meritorious claim.  *See, e.g., Gee v. Estes,* 829 F.2d 1005, 1007 (10th
Cir. 1987).  A *Martinez* Report may be used in a variety of contexts, including motion for
summary judgment or *sua sponte* entry of summary judgment.  When a *Martinez* Report is used
for summary judgment purposes, the *pro se* plaintiff must be afforded an opportunity to present

---

[4]  The Court recognizes that Geo and Burris may be arguing that any "legal mail" aspect of the claim does not
pertain to them.  If so, the basis for that assertion is not well-developed.

conflicting evidence to controvert the facts set forth in the report. *Hall v. Bellmon,* 935 F.2d

1106, 1109 (10th Cir. 1991).

Wherefore,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1.  Plaintiff's motion asking to file the legal mail policy is unnecessary and will be among the items below that a defendant will file if the accessible policy does not pertain to the same time frame as this case; accordingly the motion (Doc. 29) is denied;

2.  Insofar as Plaintiff is asking the Court to consider the documents he tendered with his motions, those "motions" (Docs. 30, 40, 43, 45) are granted, and the Court will consider those documents at the appropriate time;

3.  Insofar as any of those motions request relief concerning electronic service or otherwise, they are denied;

4.  All of Plaintiff's motion asking for substantive relief at this juncture are premature and are denied without prejudice.

5.  The Clerk directed to: (a)  issue a summons, with copies of the Complaint (Docs. 1, 11, 23) and Judge Hansen's prior orders (Docs. 27, 46), for Defendant Gregg Marcantel, in his official capacity as Secretary for the New Mexico; and (b) amend the caption to reflect the substitution of Mr. Marcantel;

6.  Defendants will be required to file a comprehensive *Martinez* Report that encompasses all of Plaintiff's allegations and should include, but is not limited to:

    a.  Whether the Court's disposition in *Fawley v. Williams,* CIV 11-0061 BB/CG is dispositive of any of the claims here;

    b.  Whether documents or other records pertaining to the events exist; and whether prison policies or regulations address the situation;

    c.  If documents and records do exist, Defendants shall include copies of them as attachments to the *Martinez* Report, unless they are already of record in *Fawley v. Williams,* CIV 11-0061 BB/CG, in which case a cross-reference will suffice.  Based on prior experience, the Court feels constrained to request that the attachments be arranged in a logical order.  Simply copying jumbled prison records will not suffice.  The Court also requests

that the attachments be Bates-stamped or otherwise be clearly serially marked;

d.  Defendants must provide affidavits to properly authenticate submitted documents, and may also submit other affidavits in support of the *Martinez* Report;

e.  The submission of documents alone shall not be considered in compliance with this Order.  Defendants are expected to also prepare the "report" portion of the *Martinez* Report that discusses the claims and the submissions that relate to them;

f.  The Court is aware that materials contained in corrections files may be sensitive and that there may be valid reasons for keeping such information secret.  As such, Defendants may redact confidential portions of documents submitted with the *Martinez* Report and provide that version to Plaintiff.  Alternatively, they may request that Plaintiff not be permitted to review certain portions of the *Martinez* Report and its attachments.  If so, Defendants must make their objections to the Court fourteen (14) days prior to the *Martinez* Report filing and service date below. The entire *Martinez* Report must be submitted along with the objections, both under seal, to the Court for ruling;

6.  Defendants may file a joint Martinez Report, if they wish.

7.  Given the detail required in the Martinez Reports, and that the Court is awaiting service for two defendants, the Court will set a briefing schedule accordingly:

•Defendants shall file and serve (since prisoners are not served electronically) their *Martinez* Report no later than Friday, August 3, 2012;

•Plaintiff shall file his response to the *Martinez* Report no later than Friday, August 31, 2012; he may attach any materials not already of record by his filings and not provided in the Martinez Reports, but may not file duplicates; and

•Defendants shall file and serve their replies, if any, no later than Friday, September 14, 2012.

**THE PARTIES ARE HEREBY GIVEN NOTICE that the *Martinez* Report may be used in deciding whether to grant summary judgment on Plaintiff's claims, whether by motion or *sua sponte*; as such, the parties should submit whatever materials they consider relevant to Plaintiff's claims.  *See Hall,* 935 F.2d 1106.**

_____

UNITED STATES CHIEF MAGISTRATE JUDGE