UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

BENJAMIN WILLIAM FAWLEY,

      Plaintiff,

v.                                    CIV 11-0181 LH/KBM

GEO GROUP, INC.,
GREGG MARCANTEL, in his official
capacity as Secretary for the New Mexico
Department of Corrections,
DWAYNE BURRIS, Correctional Officer, and
VINCE WIGGINS, Correctional Officer,[1]

      Defendants.

## ORDER ON PENDING *PRO SE* MOTIONS

THIS MATTER is before the Court on two recent pro se filings.  *See Docs. 65, 66.*  Also presently-pending, but not fully briefed, is the *Martinez* Report filed by the defendants who have been served.  The Court previously ordered that two pro se motions concerning service be held in abeyance and considered, if necessary, in the recommendation that will issue on the *Martinez* Report.  *See Doc. 64.*

The recent pro se notice indicates that Plaintiff may have hired a local attorney for the limited purpose of performing legal research for the challenge Plaintiff is making to his criminal conviction in state proceeding in Virginia.  He maintains that he is not represented in this action, and has no access to legal materials.  *See Doc. 65.*  He thus "hopes" this Court will not "hold [his] document," presumably the response he will be filing to the *Martinez* Report, "to the level

---

[1]  *See Doc. 63* at 5, n.2.

of those drafted by counsel." *See id.* at 2. The Court is aware Plaintiff is proceeding pro se here and continues to construe his pleadings accordingly.

The recent pro se motion requesting documents requests a copy of a specific prison policy that is already part of the *Martinez* report mailed to him on July 27, 2012. *See Doc. 66* at 3*; see also Doc. 63* at 42; *Doc. 63-4.*

The affidavit of Defendant Dwayne Burris, submitted with the Martinez Report, states that he is the "paralegal/librarian at the Lea County Correctional Facility," and that he is "responsible for enforcing NMCD policies and procedures regarding legal access and authorized legal photocopies." *Doc. 63-4* at 22. This assertion addresses part of other information Plaintiff seeks. *See Doc. 66* at 2.

Burris does not mention his educational background or other qualifications, and Plaintiff's motion requests documentation of the same. *See id.* The Court will not require Defendant to reveal this information, but will allow counsel to supplement the *Bounds/Lewis* arguments made in the *Martinez* Report, if she wishes. "'[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries *or* adequate assistance from persons trained in the law.'" *Lewis  v. Casey,* 518 U.S. 343, 346 (1996) (emphasis added) (quoting *Bounds v. Smith,* 430 U.S. 817, 828 (1977). For example,

> *Bounds* acknowledged that, while library service is one valid means of assuring access to the courts, constitutionally acceptable access can be provided alternatively by "adequate assistance from persons trained in the law," . . . —which the Court also described as "some degree of professional or quasi-professional legal assistance," . . . (using "professional or quasi-professional legal assistance" as implicitly synonymous with "adequate assistance from persons trained in the law" [and] "trained legal advisors" to describe "adequate assistance from persons trained in the law"). And to demonstrate the "many imaginative forms" of constitutionally acceptable legal assistance from persons trained in the

law, the Court set forth several examples:

> Among the alternatives are the training of inmates as paralegal assistants to work under lawyers; supervision, the use of paraprofessionals and law students, either as volunteers or in formal clinical programs, the organization of volunteer attorneys through bar associations or other groups, the hiring of lawyers on a part-time consultant basis, and the use of full-time staff attorneys, working either in new prison legal assistance organizations or as part of public defender or legal services offices.

> . . . Each of these various forms of assistance—including assistance other than formal provision of legal services by an attorney—would be provided or supervised by persons qualified and trained in legal matters, in contrast to assistance from legal amateurs and laypersons, such as "jailhouse lawyers," who have no formal legal training or qualifications.  And yet, despite the focus on trained and qualified assistance (relevant also to the Sixth Amendment's guarantee of the assistance of counsel), notably absent from the Court's discussion is any mention of the *effectiveness* of the assistance.

> Finally, the Supreme Court has emphasized that *Bounds* "guarantee[d] no particular methodology but rather the conferral of a capability—the *capability* of bringing  contemplated challenges to sentences or conditions of confinement before courts." . . .  In *Lewis,* the Court further stated:  "When any inmate . . . shows that an actionable claim of this nature which he desired to bring has been lost or rejected . . . , because this capability of filing suit has not been provided, he demonstrates that the State has failed to furnish ' *adequate* law libraries or *adequate* assistance from persons trained in the law.' "

*Bourdon v. Loughren,* 386 F.3d 88, 97-98 (2nd Cir. 2004) (citations omitted).  Relief, of course, is subject to a showing of actual injury, already extensively discussed in the *Martinez* Report.  *See, e.g., Doc. 63* at 16-27; *see also, e.g., Gee v. Pacheco,* 627 F.3d 1178, 1191 (10th Cir. 2010); *Peoples v. CCA Detention Centers,* 422 F.3d 1090, 1107 (10th Cir. 2005).

Plaintiff's response to the *Martinez* Report is due August 31, 2012.  In light of this ruling on his present motion,  the Court will modify the remaining deadlines.  However, the Court will not entertain any further delays in that briefing schedule absent extraordinary circumstances. Plaintiff is reminded that although Plaintiff may cite statutes and cases to the Court in his

response, it is not necessary for him to do so because, as noted above, the Court is cognizant that he is proceeding pro se and, in any event,  the Court will conduct an independent review of the law.

Wherefore,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1.  Insofar as Plaintiff's motion *(Doc. 66)* requests further information bout Defendant Burris' paralegal qualifications and documents already of record, the motion is DENIED;

2.  As for the documents attached to Plaintiff's motion *(Doc. 66)*, the Court will consider them at the appropriate time;

3.  Defendants' *Bounds/Lewis* supplement, if any, is due by Friday, August 24, 2012;

4.  Plaintiff's response to the *Martinez* Report and any supplement is now due Friday, September 7, 2012; and

5.  Defendants' reply, if any, is now due Friday, September 21, 2012.

_____

UNITED STATES CHIEF MAGISTRATE JUDGE